IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN MENDOZA RIOS, and ) <br> CARLOS PACHECO, ) <br>  ) <br>     Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> BELL'S COMPLETE LANDSCAPING, ) <br> INC. and MICHAEL BELL, ) <br>  ) <br>     Defendants. ) | CIVIL ACTION FILE <br> NO. _____ <br><br> JURY TRIAL <br><br> DEMANDED |

**COMPLAINT**

COMES NOW JUAN MENDOZA RIOS (hereafter "Plaintiff Rios") and CARLOS PACHECO (hereafter "Plaintiff Pacheco"), Plaintiffs above, (hereafter collectively referred to as "Plaintiffs"), by and through the undersigned counsel, and for their Complaint show the Court the following:

**INTRODUCTION**

1.

Plaintiff Rios worked as a laborer for Defendant from April 2008 through July 2010.

2.

Plaintiff Pacheco worked as a laborer for Defendant from March 2008 through July 2010.

3.

Plaintiffs bring this action under the Fair Labor Standards Act, as amended, (hereinafter referred to as "FLSA") to recover (1) the overtime wage that was denied them and an additional amount as liquidated damages and (2) their costs of litigation, including their reasonable attorneys' fees.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district, and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

6.

Plaintiff Rios resides within Fulton County, Georgia.

7.

Plaintiff Pacheco resides within Fulton County, Georgia.

8.

At all times material hereto, Plaintiff Rios has been an "employee" as defined in the FLSA §3(e)(2)(c); 29 U.S.C. §203(e)(2)(c).

9.

At all times material hereto, Plaintiff Pacheco has been an "employee" as defined in the FLSA §3(e)(2)(c); 29 U.S.C. §203(e)(2)(c).

10.

At all times material hereto, Plaintiff Rios has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c); 29 U.S.C. §§ 206, 207(c).

11.

At all times material hereto, Plaintiff Pacheco has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c); 29 U.S.C. §§ 206, 207(c).

12.

Defendant Bell's Complete Landscaping, Inc. (hereafter "Bell's") is a corporation organized under the laws of the State of Georgia.

13.

At all times material hereto, Bell's has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

14.

At all times material hereto, Bell's has been an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

15.

Bell's is subject to the personal jurisdiction of this Court.

16.

At all times material hereto, Defendant Michael Bell (hereinafter "Bell") has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d).

17.

Bell resides at 6480 Marsham Drive, Altanta, Fulton County, Georgia.

18.

Bell is subject to the personal jurisdiction of this Court.

## FAILURE TO PAY PLAINTIFF RIOS OVERTIME
## IN VIOLATION OF THE FLSA

19.

The allegations of Paragraphs 1 through 18 above are incorporated by reference, as if each were fully set out herein.

20.

During his employment with Defendants, Plaintiff Rios regularly worked in excess of forty hours each week.

21.

Defendants failed to compensate Plaintiff Rios at one and one half times his regular rate for work in excess of forty hours in any week during 2008, 2009 and 2010.

22.

Defendants willfully failed to compensate Plaintiff Rios at one and one half times his regular rate for work in excess of forty hours in any week during 2008, 2009 and 2010.

23.

As a result of underpayment of overtime as alleged above, Defendants are liable to Plaintiff Rios in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

24.

Plaintiff Rios is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

25.

Plaintiff Rios is entitled to recover his attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

**FAILURE TO PAY PLAINTIFF PACHECO OVERTIME
IN VIOLATION OF THE FLSA**

26.

The allegations of Paragraphs 1 through 25 above are incorporated by reference, as if each were fully set out herein.

27.

During his employment with Defendants, Plaintiff Pacheco regularly worked in excess of forty hours each week.

28.

Defendants failed to compensate Plaintiff Pacheco at one and one half times his regular rate for work in excess of forty hours in any week during 2008, 2009 and 2010.

29.

Defendants willfully failed to compensate Plaintiff Pacheco at one and one half times his regular rate for work in excess of forty hours in any week during 2008, 2009 and 2010.

30.

As a result of underpayment of overtime as alleged above, Defendants are liable to Plaintiff Pacheco in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

31.

Plaintiff Pacheco is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b); 29

U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

32.

Plaintiff Pacheco is entitled to recover his attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Plaintiffs respectfully request:

A. That Plaintiff Rios be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon, plus Plaintiff's reasonable attorneys' fees and costs.

B. That Plaintiff Pacheco be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and

repeated disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon, plus Plaintiff's reasonable attorneys' fees and costs.

C. That Plaintiffs be awarded their reasonable attorneys' fees and expenses of litigation.

D. That Plaintiffs be awarded such other and further relief as is just, equitable and proper.

Respectfully submitted,

| | |
|---|---|
| *s/ Kevin D. Fitzpatrick, Jr.* | *s/ Charles R. Bridgers* |
| Kevin D. Fitzpatrick, Jr., | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3150 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcnblaw.com | charlesbridgers@dcnblaw.com |
| Counsel for Plaintiffs | Counsel for Plaintiffs |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JUAN MENDOZA RIOS, and ) <br> CARLOS PACHECO, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BELL'S COMPLETE LANDSCAPING, ) <br> INC. and MICHAEL BELL, ) <br> ) <br>     Defendants. ) | CIVIL ACTION FILE <br> NO. _____ <br><br> JURY TRIAL <br><br> DEMANDED |

## **CERTIFICATE OF COUNSEL**

Pursuant to N.D. Ga. R. 7.1, the undersigned counsel certifies that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in N.D. Ga. R. 5.1 B.

This 23rd day of July, 2010.

| | |
|---|---|
| 3100 Centennial Tower <br> 101 Marietta Street, N.W. <br> Atlanta, Ga. 30303 <br> Telephone: (404) 979-3150 <br> Facsimile: (404) 979-3170 <br> Kevin.Fitzpatrick@dcnblaw.com | *s/ Kevin D. Fitzpatrick, Jr.* <br> Kevin D. Fitzpatrick, Jr. <br> Georgia Bar No. 262375 <br> Counsel for Plaintiff |