IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN MENDOZA RIOS, and<br>CARLOS PACHECO,<br><br>Plaintiffs,<br><br>vs.<br><br>BELL'S COMPLETE LANDSCAPING,<br>INC., and MICHAEL BELL,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:10-CV-02311-WSD |

## [PROPOSED] ORDER

This matter is before the Court on Juan Mendoza Rios and Carlos Pacheco's (collectively "Plaintiffs") Motion for Default Judgment [Dkt. 39].

### I. BACKGROUND

Plaintiffs claim that Bell's Complete Landscaping, Inc. ("Bell's Complete") and Michael Bell ("Bell") (collectively "Defendants") violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq., by failing to pay overtime compensation for hours worked in excess of forty hours a week.

Plaintiffs were employed as laborers by Defendants between 2008 and 2010. (Aff. of Juan Mendoza Rios ¶¶ 2-3, 8); (Aff. of Carlos Pacheco ¶¶ 2-3, 8); (Compl. ¶¶ 1-2). Plaintiffs claim they were covered employees and engaged in commerce under the definitions of the FLSA. 29 U.S.C. §§ 203(e)(1), 207(a)(2)(C); (Aff. of

1

Juan Mendoza Rios ¶¶ 2-11); (Aff. of Carlos Pacheco ¶¶ 2-11); (Compl.¶¶ 5-11, 21, and 27).  Plaintiffs further claim that Bell and Bell's Complete were employers and an enterprise engaged in commerce as defined under the FLSA. 29 U.S.C. §§ 203(s)(1)(A), 207(a)(2)(C); (Aff. of Juan Mendoza Rios ¶¶ 2-6); (Aff. of Carlos Pacheco¶¶ 2-6); (Compl. ¶¶ 13-14, 16).

Plaintiffs claim they worked in excess of forty (40) hours a week during every week of their employment with Defendants without receiving the overtime premium for those excess hours. (Aff. of Juan Mendoza Rios ¶¶ 8-9, 12-14); (Aff. of Carlos Pacheco ¶¶8- 9, 12-14); (Compl. ¶¶ 20-22, 27-29).  Plaintiffs seek to recover the overtime pay that was denied to them, an equal additional amount as liquidated damages, costs, and reasonable attorney's fees. 29 U.S.C. § 216(b); (Compl. ¶¶ 1, 24-26, 32-34).

## II.   DISCUSSION

### A.   Standard on Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure provides that default judgment may be entered against defaulting defendants as follows:

(1) *By the Clerk.*

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.*

> In all other cases, the party must apply to the court for a default judgment . . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)).  When considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief.  Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).  "While a defaulted defendant is deemed to 'admit[ ] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

      B.     Standard on Overtime Violations of the FLSA

The Fair Labor Standards Act provides:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2)(C).

"In order to prevail on [a FLSA overtime claim], Plaintiffs must prove that they suffered or were permitted to work [overtime] without compensation." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1314 (11th Cir. 2007) (internal citations omitted). See also Secretary of Labor v. Labbe, 2008 WL 4787133, at *1 (11th Cir. 2008) ("The elements that must be shown [for a FLSA claim] are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.").[1]

"[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just

---

[1] Based on the undisputed facts presented by Plaintiffs, the Court finds that they were covered employees under the FLSA and that Defendants were employer under the Act. 29 U.S.C. § 201 et seq.; Avery v. City of Talladega, Ala., 24 F.3d 1337, 1340 (11th Cir. 1994) ("The employer bears the burden of proving the availability of [a FLSA employee] exemption.").

and reasonable inference." Allen, 495 F.3d at 1316 (internal quotation marks omitted).

In support of their motion for default judgment, Plaintiffs offer evidence of the hours they worked while employed by Defendants and the amounts they were paid by Defendants for this work.[1] The Court finds that Plaintiffs' affidavits demonstrate that they were not paid at an overtime rate of pay for hours they worked in excess of forty (40) hours per week.

The record also demonstrates that Defendants were properly served with the pleadings in this matter. The Court finds the allegations in Plaintiff's Complaint are straightforward and legally sufficient to state a plausible claim for relief under the FLSA. Bruce, 699 F. Supp. at 906. The Court finds entry of default by the Clerk of Court was appropriate and that Defendants violated the FLSA by failing to provide Plaintiffs with overtime compensation at a rate of one and one half times their regular rate.

C. Liability of Defendant Bell

Plaintiffs allege they were employed by both Defendants for the purposes of FLSA liability. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C.

---

[1] Since Defendants have failed to supply any documentation to the contrary, the Court accepts Plaintiffs' affidavits as true regarding the hours worked and compensation received while employed by Defendants.

§ 203(d).  "Congress has expressly disregarded the corporate shield with respect to the analysis of [personal liability] under the FLSA."  Patel v. Wargo, 803 F.2d 632, 636 (11th Cir. 1986).  It is settled that individuals and corporations both may be held liable for violations of the FLSA.  See Patel, 803 F.2d at 637-38 (finding that corporate officer with operational control of a corporation was an employer under the FLSA).

The Court finds that Bell was Plaintiffs' employer under the FLSA since the record demonstrates he exercised operational control over Bell's Complete in running day-to-day operations, hired Plaintiffs, and directly supervised Plaintiffs.  See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008); Patel, 803 F.2d at 638; (Aff. of Juan Mendoza Rios ¶¶ 2-6); (Aff. of Carlos Pacheco ¶¶ 2-6); (Compl. ¶¶1-2, 16).

D.   Requirement for Computing Damages

The Court may only award damages for a default judgment without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation."  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985).  When a requested damage award is a liquidated sum or one that has been mathematically calculated, the record must "adequately reflect the basis for [the] award via . . . demonstration by detailed affidavits establishing the necessary facts."  See Id. at 1544 (citation and internal quotations

omitted). "[A] plaintiff must also establish that the amount [of a damage award] is reasonable under the circumstances." Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

Plaintiffs' detailed affidavits establish that Defendants deprived Juan Mendoza Rios of $15,852.50 and Carlos Pacheco of $17,241.65 in unpaid overtime compensation.[1] Plaintiffs contend that Defendants' violations of the FLSA were not made in good faith and, accordingly, Plaintiffs are entitled to liquidated damages in addition to compensatory overtime wages. 29 U.S.C. § 216(b); Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987); Smith v. Wynfield Dev. Co., 451 F. Supp. 2d. 1327, 1337 (N.D. Ga. 2006); (Compl. ¶ 22, 29).[2]

The Court agrees and finds that Plaintiffs are entitled to compensatory damages and liquidated damages in an amount equal to the wages of which they were improperly deprived. Joiner, 814 F.2d at 1539 (". . . liquidated damages are mandatory absent a showing of good faith" on part of a defendant); Smith, 451 F. Supp. 2d at 1337. The Court further finds that such an award is reasonable.

---

[1] Plaintiffs provided spreadsheets detailing their average hours worked and compensation for each pay period. (Ex. A to Motion for Default Judgment). The Court finds that the affidavits and attached spreadsheets provide the necessary facts to allow the Court to determine a sum certain damage award.

[2] "Any employer who violates the provisions of [the FLSA regarding overtime] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

E.   Plaintiffs' Attorney's Fees

Section 216(b) of the FLSA provides that in any action successfully brought under its provisions, the court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In the Eleventh Circuit, an award of attorney's fees is mandatory for prevailing plaintiffs under the FLSA. See Dionne v. Floormasters Enters., Inc., No. 09-15405, 2011 WL 3189770, at *6 (11th Cir. Jul. 28, 2011) (published opinion); Kreager v. Solomon & Planagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985) (citing 29 U.S.C. § 216(b); Christianburg Garment Co. v. EEOC, 434 U.S. 412, 416 n.5 (1978) ("[S]ection 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs.")); accord Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984) ("The payment of attorney's fees to employees prevailing in FLSA cases is mandatory.").

Additionally, "[a] request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).  It is "perfectly proper to award attorney's fees based solely on affidavits in the records." Id. at 1303.  "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." Id. (citations omitted).  Evidentiary hearings are only

necessary "where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the disputes of fact." Id.  Since Plaintiffs prevailed on their FLSA claims, the Court finds that Plaintiffs are entitled to their reasonable attorney's fees and costs associated with pursuing the FLSA claims. See 29 U.S.C. § 216(b).  The Court further finds that the requested award of attorney's fees and costs in this case is reasonable and supported by the record. (Decl. of Charles R. Bridgers); (Decl. of Kevin D. Fitzpatrick, Jr.); (Decl. of Michael A. Caldwell).

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment [Dkt 39] is **GRANTED**

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Juan Mendoza Rios is awarded $15,852.50 in unpaid overtime compensation; $15,852.50 in liquidated damages; and $13,630.99 in costs and attorneys' fees; for a total of $45,335.99.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Carlos Pacheco is awarded $17,241.65 in unpaid overtime compensation; $17,241.65 in liquidated damages; and $13,630.99 in costs and attorneys' fees; for a total of $48,114.29.

**SO ORDERED** this _____ day of _____, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE