IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN MENDOZA RIOS and CARLOS PACHECO, <br><br>            **Plaintiffs,** <br><br>     **v.** <br><br> BELL'S COMPLETE LANDSCAPING, INC. and MICHAEL BELL, <br><br>            **Defendants.** | **1:10-cv-2311-WSD** |

## OPINION AND ORDER

This matter is before the Court on Juan Mendoza Rios ("Rios") and Carlos Pacheco's ("Pacheco")[1] (together "Plaintiffs") Motion for Default Judgment [40].

## I.    BACKGROUND

Plaintiffs claim that Bell's Complete Landscaping, Inc. ("Bell's Inc.") and Michael Bell (together "Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., by failing to pay overtime compensation for hours worked in excess of forty (40) hours per week.

---

[1]  Pacheco testified at the hearing that his full name is Carlos Pacheco Cruz.

Pacheco alleges that he was employed by Defendants as a landscaper from March 2008 until July 7, 2010, and that each week during that time he worked an average of 69 hours per week.  Pacheco was paid an hourly rate of $10 per hour from March 2008 through July 2009, and $10.50 per hour from August 2009 through July 2010.  [40.2 ¶¶ 9-10].

Rios alleges that he also was employed by Defendants as a landscaper from April 2008 until July 7, 2010, and that each week he also worked an average of 69 hours per week. [40.1 ¶ 9].  Rios was paid an hourly rate of $10 per hour throughout his employment.  Id. ¶ 10.

Plaintiffs claim they worked in excess of forty (40) hours per week nearly every week of their employment with Defendants without receiving one and one half times their regular rate for those excess hours.  [40.1 ¶¶ 12-14] [40.2 ¶ 12-14].  Plaintiffs seek to recover the overtime pay that was denied to them, an equal additional amount as liquidated damages, costs and attorney's fees.

On March 6, 2012, the Court granted Defendants' attorney's request to withdraw and ordered Bell's Inc. to provide, on or before March 23, 2012, the name, address, and telephone number of new counsel, and ordered Michael Bell to do the same or advise the Court that he wishes to proceed *pro se*.[2]  On March 27,

---

[2]  Because Bell's Inc. is a corporation, it is required be represented by an attorney.

2012, upon request from Michael Bell, the Court extended the period for compliance with the Court's March 6th Order to April 10, 2012. The Court admonished Defendants that failure to comply with the Court's Order would result in default being entered against Defendants.

On April 12, 2012, the Court directed the Clerk to issue an Entry of Default against Defendants for failure to comply with the Court's March 27th Order. [38].

On June 1, 2012, Plaintiffs moved for default judgment [40]. On June 11, 2012, Plaintiffs served Defendants with a copy of their Motion for Default Judgment and notified Defendants of the July 13, 2012, hearing on their motion [41].

On July 13, 2012, the Court conducted a hearing to determine the reasonable amount of Plaintiffs' damages. Pacheco testified and submitted documents in support of his claim. Rios and Defendants did not attend the hearing. As of the date of this Order, Defendants have failed to comply with the Court's March 27th Order and have otherwise failed to defend this action.

## II.    DISCUSSION

### A.    Standard on Default Judgment

Rule 55(b) of the Federal Rules of Civil Procedure provides that default

judgment may be entered against defaulting defendants as follows:

(1) *By the Clerk.*
> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk - on the plaintiff's request, with an affidavit showing the amount due - must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.*
> In all other cases, the party must apply to the court for a default judgment . . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
>     (A) conduct an accounting;
>     (B) determine the amount of damages;
>     (C) establish the truth of any allegation by evidence; or
>     (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

"The entry of a default judgment is committed to the discretion of the district

court . . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert.

denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal

Practice & Procedure § 2685 (1983)).  When considering a motion for entry of

default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988). "While a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact,' he 'is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" Cotton, 402 F.3d at 1278 (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

> B.   Standard on Overtime Violations of the FLSA

The Fair Labor Standards Act provides:

> No employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . for a workweek longer than forty hours . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(2)(C).

"In order to prevail on [an FLSA overtime claim], Plaintiffs must prove that they suffered or were permitted to work [overtime] without compensation." Allen v. Bd. of Pub. Educ. for Bibb Cty., 495 F.3d 1306, 1314 (11th Cir. 2007) (internal citations omitted). See also Secretary of Labor v. Labbe, 319 F. App'x 761, 762

(11th Cir. 2008) (per curium) ("The elements that must be shown [for an FLSA claim] are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."). "[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Allen, 495 F.3d at 1316 (internal quotation marks omitted).

C.    Analysis

Based on the undisputed facts presented by Plaintiffs, the Court finds that they were covered employees under the FLSA and that Bell's Inc. was an employer under the Act. 29 U.S.C. § 201 et seq.; Avery v. City of Talladega, Ala., 24 F.3d 1337, 1340 (11th Cir. 1994) ("The employer bears the burden of proving the availability of [an FLSA employee] exemption."). The Court finds the allegations in Plaintiffs' Complaint are legally and factually sufficient to state a claim for relief under the FLSA. Bruce, 699 F. Supp. at 906.

In support of their motion for default judgment, Plaintiffs submitted their signed affidavits and attached spreadsheets, created by counsel, which purport to show for each week during their employment: the total hours worked; the overtime

6

hours owed; the regular hours worked; hourly and overtime rates; and the difference between the total amount he was owed and the amount he was actually paid.  [40.1; 40.2].  Rios seeks $15,852.50 in unpaid overtime, an equal amount in liquidated damages, and $13,630.99 in attorney's fees and costs, for a total judgment of $45,335.99.  [40 at 8].  Pacheco seeks $17,241.65 in unpaid overtime, an equal amount in liquidated damages, and $13,630.99 in attorney's fees and costs, for a total judgment of $48,114.29.  Plaintiffs did not submit any documents, such as paystubs or timecards, to support their calculations.  On July 18, 2012, the Court held a hearing to determine the reasonable amount of Plaintiffs' damages.  See Fed. R. Civ. P. 55(b)(2); Pope v. United States, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.").

### 1.    *Rios*

Rios did not attend the hearing and no evidence was presented on his behalf to support his claim.  Although Pacheco testified that he and Rios worked together most of the time (Tr. 23:16-24:23), Pacheco stated that there were days and sometimes weeks when he and Rios worked different hours, (Tr. 29:17-30:1).  The

difference in hours Plaintiffs worked is also reflected in their affidavits and spreadsheets.  Pacheco's testimony that he did not work during periods of inclement weather, or during the winter when work not available, undermines the credibility of Rios's affidavit and spreadsheet, which indicate that he worked 69 hours per week during those times Pacheco testified he did not work.  Rios's affidavit and spreadsheet, without more, are insufficient to establish how many hours Rios worked and that he was improperly compensated for those hours.  See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-688 (1946) (employee must produce sufficient evidence to show amount of work for which he was not properly compensated as a matter of just and reasonable inference; where the fact of damage is uncertain, that is, where employee fails to prove that he performed work and was not properly compensated, rule precluding recovery of uncertain and speculative damages applies); Gilbert v. Old Ben Coal Corp., 407 N.E. 2d 170, 175 (Ct. App. Ill. 1980) (mere estimates of hours of work performed, without additional support, are not sufficient evidence to show amount and extent of work as a matter of just and reasonable inference).  There is insufficient evidence in the record to determine whether Rios's estimate is reasonable or credible.  The Court finds that Rios has failed to support his claim for damages.

### 2.   *Pacheco*

At the hearing, Pacheco testified that he was employed by Defendants from March 2008 until July 2010.  Pacheco stated that, for the first five (5) months he punched in at work using a timeclock, but after the clock broke, he or his boss would keep track of his hours in a notebook.  (Tr. 15:15-16:12).  Pacheco testified, however, that the hours in the notebook were not always accurate and that the hours reflected on his paystubs were sometimes fewer than the hours he actually worked.[3]  (Tr. 16:22-17:17, 19:17-21).  He stated that he kept track of his hours independently, but discarded those papers at the end of each week.  (Tr. 19:22-20:1).

Pacheco testified that for the first year he was paid in cash and later by check.  (Tr. 15:7-10).  Pacheco also presented thirty (30) pay stubs from March 24, 2009, to July 9, 2010, and said that he did not have paystubs for each week because he discarded some of them. (Tr. 18:2-17; Plfs' Ex. 1).  Pacheco testified that he provided the paystubs to counsel to prepare the spreadsheet (Plfs' Ex. 2) and, for the weeks that he did not have a paystub, Pacheco estimated that he worked 69 hours per week, based an eleven and one half hours workday, six days per week.

---

[3]  Pacheco testified that sometimes Michael Bell would change the hours that were recorded in the notebook.

(Tr. 20:8-22:2).  Pacheco seeks $17,241 in unpaid overtime (Tr. 23:3-7), based on 3,171.3 hours of overtime work paid at his regular hourly rate.

The Court, having heard Pacheco's testimony and having reviewed the pay stubs presented, finds that Pacheco's estimate of 3,171.3 hours of overtime work is not supported by the evidence.  For example, this total represents that Pacheco worked 69 hours each week during the winter, as reflected in the spreadsheet detailing Pacheco's calculations.  At the hearing, the Court observed that Pacheco did not submit any paystubs for the winter months, and Pacheco responded that "during that month, there is no work, so we did not work."  (Tr. 25:11-26:2). Pacheco conceded also that he did not work during periods of inclement weather. The Court finds Pacheco's spreadsheet and its estimate of 3,171.3 hours is not supported by the evidence, including because a full, estimated workweek of 69 hours is included in the spreadsheet for every week which is not supported by a paystub.

However, the evidence and testimony presented at the hearing indicates that at times Pacheco did in fact work in excess of 40 hours per week, and that he was not compensated at one and one half times his regular rate of pay for those excess hours.  Using the paystubs provided, the Court has calculated an adjusted average of 56.77 total hours worked per week, or 16.77 hours of overtime worked per week

from March 1st to December 1st each year ("adjusted in-season average").  The Court finds that, from December 1st to March 1st, the total hours Pacheco worked per week should be reduced by 25% to 42.58 total hours, or 2.58 overtime hours, worked per week ("adjusted winter average"), to reflect, conservatively, the reduction in work available during the winter and during periods of inclement weather.  These calculations represent a reasonable and just approximation based on the facts presented.  The Court finds that Pacheco is entitled to compensation for 1,705.38 hours of overtime worked for an award of $8,706.53 in compensatory damages.[4]  This award is reasonable and is supported by the record.

Pacheco contends, and the evidence supports, that Defendants' failure to pay overtime was not a good faith mistake or error and, accordingly, Pacheco is entitled to liquidated damages in addition to compensatory overtime wages.

[4]  From March 2008 through July 2009, Pacheco worked 986.85 overtime hours (57 weeks at the adjusted in-season average of 16.77 overtime hours per week, plus 12 weeks at the adjusted winter average of 2.58 overtime hours per week). Pacheco's regular hourly rate during this time was $10 per hour and should have been paid at the overtime rate of $15 per hour.

From August 2009 through July 2010, Pacheco worked 752.61 overtime hours (41 weeks at the adjusted in-season average of 16.77 overtime hours per week, plus 12 weeks at the adjusted winter average of 2.58 overtime hours per week).  Pacheco's regular hourly rate during this time was $10.50 per hour and his overtime rate should have been $15.75 per hour.

The evidence shows that Pacheco was paid his regular hourly rate for each hour worked in excess of 40 regular hours.  Pacheco is thus entitled to compensation for 986.85 overtime hours at $5 per hour, and for 718.53 overtime hours at $5.25 per hour, for a total of $8,706.53 in uncompensated overtime.

29 U.S.C. § 216(b); <u>Joiner v. City of Macon</u>, 814 F.2d 1537, 1539 (11th Cir.

1987); <u>Smith v. Wynfield Dev. Co.</u>, 451 F. Supp. 2d 1327, 1337 (N.D. Ga. 2006);

(Compl. ¶ 29, 31).[5]  Liquidated damages are awarded in an amount equal to the

wages of which Pacheco was improperly deprived.  <u>See</u> <u>Joiner</u>, 814 F.2d at 1539

(". . . liquidated damages are mandatory absent a showing of good faith" on the

part of a defendant); <u>Smith</u>, 451 F. Supp. 2d at 1337.

     D.    <u>Attorneys' Fees</u>

     Section 216(b) of the FLSA provides that in any action successfully brought

under its provisions, the court shall "allow a reasonable attorney's fee to be paid by

the defendant, and costs of the action."  29 U.S.C. § 216(b).  In the Eleventh

Circuit, an award of attorney's fees is mandatory for prevailing plaintiffs under the

FLSA.  <u>See</u> <u>Dionne v. Floormasters Enters., Inc.</u>, 667 F.3d 1199, 1205 (11th Cir.

2012); <u>Kreager v. Solomon & Planagan, P.A.</u>, 775 F.2d 1541, 1542 (11th Cir.

1985) (citing 29 U.S.C. § 216(b); <u>Christianburg Garment Co. v. EEOC</u>,

434 U.S. 412, 416 n.5 (1978) ("[S]ection 216(b) of the [FLSA] makes fee awards

mandatory for prevailing plaintiffs.")); <u>accord</u> <u>Burnley v. Short</u>, 730 F.2d 136, 141

---

[5] "Any employer who violates the provisions of [the FLSA regarding overtime] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b).

(4th Cir. 1984) ("The payment of attorney's fees to employees prevailing in FLSA cases is mandatory.").

Additionally, "[a] request for attorney's fees should not result in a second major litigation." Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). It is "perfectly proper to award attorney's fees based solely on affidavits in the records." Id. at 1303. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." Id. (citations omitted).

Since Pacheco prevailed on his FLSA claim, the Court finds that Pacheco is entitled to his reasonable attorney's fees and costs associated with pursuing his FLSA claim. See 29 U.S.C. § 216(b). Rios is not entitled to attorney's fees and costs because he failed to prevail on his FLSA claim. Based on the record, the Court is unable to distinguish the work Plaintiffs' attorneys performed for Pacheco from the work they performed for Rios in prosecuting this case. The Court finds that the requested award of attorney's fees and costs in this case should be reduced by 20% in recognition that some of the services performed benefitted both Plaintiffs and thus the attorneys' fees claim should not be allocated between the

13

Plaintiffs on a *pro rata* basis. Pacheco is entitled to an award of $22,408.18 in attorneys' fees and costs.[6] The Court finds that this award is reasonable and supported by the record. <u>See</u> Tr. 40:12-45:14; Plfs' Exs. 5, 6.

      E.    <u>Defendant Michael Bell</u>

On July 3, 2012, Michael Bell filed a voluntary petition for Chapter 13 Bankruptcy. [42.1] His case remains pending. <u>See</u> <u>In re Bell</u>, 12-66838-WLH (Bankr. N.D. Ga.). A petition for Chapter 13 Bankruptcy operates as an automatic stay against

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). Plaintiffs' claims against Michael Bell are subject to the automatic bankruptcy stay.

A stay under Section 362 does not extend to a debtor's solvent co-defendants absent unusual circumstances, such as where the debtor and non-debtor's interests are so inextricably linked "that the debtor may be said to be the

---

[6] Attorney Bridgers testified at the hearing that the total fees accrued through July 11, 2012, was $27,138.83 and the total costs accrued was $871.40. (Tr. 41:6-17). Plaintiffs have not moved to supplement the fee and cost information provided at the hearing.

real party defendant and that a judgment against the . . . defendant will in effect be a judgment or finding against the debtor."  See Global One Financial, Inc. v. Back Pain Institute of Cleveland, LLC, No. 1:07-cv-1004-JOF, 2009 WL 2568064 (N.D. Ga. Aug. 17, 2009) (quoting Reliance Energy Services, Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003)).  There is no evidence that Bell's Inc. has filed for bankruptcy and unusual circumstances do not exist to warrant extending the bankruptcy stay to Bell's Inc.  See, e.g., In re Furlong, 660 F.3d 81, 89-90 n.9 (1st Cir. 2011) ("an automatic stay does not extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock"); Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1205-1206 (3d Cir. 1991) (automatic stay is not available to non-bankrupt codefendants even if they are in similar legal or factual nexus with debtor; proceeding against non-bankrupt corporation not automatically stayed by bankruptcy of its principals, and Section 362 does not bar action against principal of debtor-corporation); DeWitt v. Daley, 336 B.R. 552, 557 (S.D. Fla. 2006) (refusing to extend automatic stay to non-debtor codefendant who was officer of debtor because they were joint tortfeasors under the FLSA).

Michael Bell and Bell's Inc. are jointly and severally liable for the FLSA violations alleged.[7]  The claims against Bell's Inc. and Michael Bell therefore are not dependent on each other, and there is no evidence that the bankruptcy stay should be extended to Bell's Inc.  The Court concludes that a final judgment should be entered in favor of Pacheco against Bell's Inc., in the amount of $39,821.24.  Fed. R. Civ. P. 54(b).

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment [40] is **GRANTED IN PART** and **DENIED IN PART**.  Default judgment is **GRANTED** in favor of Carlos Pacheco against Bell's Complete Landscaping, Inc. Default judgment is **DENIED** as to Juan Mendoza Rios.

**IT IS FURTHER ORDERED** that Carlos Pacheco is awarded $8,706.53 in unpaid overtime compensation; $8,706.53 in liquidated damages; and $22,408.18 in attorneys' fees and costs, for a total judgment against Bell's Complete Landscaping, Inc. in the amount of $39,821.24.

---

[7]  "[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages" as long as that corporate officer is "'involved in the day-to-day operation or ha[s] some direct responsibility for the supervision of the employee.'"  Alvarez Perez v. Sanford-Orlando Kennel Club. Inc., 515 F.3d 1150, 1160 (11th Cir.2008) (citation omitted).

**IT IS FURTHER ORDERED** that this case is **STAYED** pursuant to

Defendant Michael Bell's automatic bankruptcy stay.  The Clerk is **DIRECTED** to

**ADMINISTRATIVELY CLOSE** this case pending the conclusion of Michael

Bell's bankruptcy proceedings or the lifting of the bankruptcy stay.


**SO ORDERED** this 9th day of August, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

17